**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2183

JONI YULIANTO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-542-961)

Submitted: April 17, 2006                Decided: May 8, 2006

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Howard T. Mei, LAW OFFICES OF HOWARD T. MEI, Bethesda, Maryland,
for Petitioner. Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, Larry P. Cote, OFFICE OF
IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Joni Yulianto, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

Yulianto challenges the Board's denial of his request for relief for protection under the Convention Against Torture. As the Attorney General contends, Yulianto's failure to raise this argument before the Board constitutes a waiver of the issue and precludes review by this court. See Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). We therefore do not review the Convention Against Torture claim.

As for the denial of Yulianto's request for asylum, we will reverse the Board only if the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We have reviewed the record, the immigration judge's decision, and the Board's order, and we conclude substantial evidence supports the immigration judge's

credibility finding.  Accordingly, Yulianto's challenge to the denial of his application for asylum fails.

The standards for withholding of removal under 8 U.S.C. § 1231(b)(3) (2000) are higher than that for asylum.  Therefore, "an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal . . . ." <u>Camara</u>, 378 F.3d at 367.  Because substantial evidence supports the determination that Yulianto is ineligible for asylum, he also fails to qualify for withholding of removal.

We therefore deny Yulianto's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>